UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAY HIRSHBERG,

                Plaintiff(s),

v.                                                    Case No. 2:20-cv-00593-FtM-66MRM

Lyman products corporation, a foreign
corporation, RICK RANZINGER, and
EDWARD WYTRYCH

                Defendant(s).
_____

## PRETRIAL AND DISCOVERY PLAN[1]

    A.    **Certifications.**  By filing this Plan, the parties appearing of record and their counsel certify that:

        1.    the parties timely and fully discharged their responsibilities under Fed. R. Civ. P. 26(f) in good faith;

        2.    the parties completed and filed an appropriate Case Management Report, which includes the selection of a mediator from the Court's list of certified mediators;

        3.    counsel and any unrepresented parties have reviewed the Court's Local Rules and Civil Discovery Handbook; and

        4.    all counsel of record have reviewed the judicial preferences pages, if any, published on the Court's website for both the United States District Judge and the United States Magistrate Judge assigned to this case.

    B.    **Conference Participants.**  The following counsel of record and/or unrepresented parties participated in the Fed. R. Civ. P. 26(f) conference:

---

[1] Use this form only in cases assigned to United States Magistrate Judge Mac R. McCoy.

1

**RESPONSE:**

>   **Ian Northon, counsel for Jay Hirshberg, and Adam Marks and John Muratides, counsel for Lyman Products Corporation, Rick Ranzinger, and Edward Wytrych.**

C. **Rule 26(f) Matters.** The parties state their views and proposals on the following matters specified in Fed. R. Civ. P. 26(f)(2)-(3):

1. State what changes, if any, should be made in the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a). The Court assumes that the parties plan to exchange mandatory initial disclosures no later than the deadline specified in the Case Management Report.

   **RESPONSE:**
   **Discloses will be made by November 2, 2020 in accordance with Fed. R. Civ. P. 26(a).**

2. Identify the subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused on particular issues. The Court assumes that the parties plan to complete all expert and fact discovery no later than the deadlines specified in the Case Management Report.

   **RESPONSE:**
   **The parties will take discovery on issues related to liability and damages of the claims and defenses asserted. Discovery will be completed by October 29, 2021 and will not be conducted in phases.**

3. Identify any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – a statement whether the parties ask the Court to include their agreement in an order under Fed. R. Evid. 502.

   **RESPONSE:**
   **The parties agree to the following procedures for asserting claims of privilege after production. The party claiming inadvertent disclosure of privileged documents or attorney work product shall notify opposing counsel of the inadvertent disclosure with specific identification of the document(s) at issue. If a document appears on its face to be subject to the attorney-client privilege or to constitute attorney work product, the document and all copies shall be**

2

            **returned to the requesting counsel and shall not be used or referred to in any manner in litigation. If counsel cannot agree as to the privilege status or work-product status of the document, the document at issue will be submitted to the Court for** *in camera* **inspection and determination.**

4.     State what changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules, and what other limitations should be imposed, if any.

   **RESPONSE:**
   **None.**

5.     Identify any other orders that the Court should issue under Fed. R. Civ. P. 26(c)(1) or under Fed. R. Civ. P. 16(b) and (c). Any confidentiality agreement or stipulated protective order governing discovery must provide, or will be deemed to provide that no party is permitted to file a document under seal without first obtaining a further order granting leave to file under seal in compliance with the Local Rules and governing law.

   **RESPONSE:**
   **The parties may request issuance of stipulated confidentiality and/or protective orders.**

D.     **Electronically Stored Information (ESI).** The parties certify that they have discussed discovery of Electronically Stored Information (ESI). In light of that discussion, the parties inform the Court of the following:

1.     Does any party anticipate the demand for or production of a *significant volume* of ESI?   ☐ Yes   ☒ No

   **EXPLAIN:**
   **If this case is ultimately consolidated with** ***M Seven Holdings LLC f/k/a Mark 7 Reloading, LLC v. Lyman Products Corporation***, **Case No. 2:20-cv-00433-JLB-NPM, then there will be significant production of ESI.**

2.     Have the parties agreed to a specific written protocol governing the production of ESI?   ☒ Yes (protocol attached)   ☐ No

3

>    **EXPLAIN:**
>    **The parties anticipate that e-discovery in this case will be limited to traditional active-file e-discovery, which involves collecting and processing active electronic documents located on desktops, laptops, servers, and local digital storage devices. The parties will not be obligated to conduct forensic preservation and analysis of digital storage devices, or restoration of archived repositories such as backup tapes, unless a specific showing is made of need in limited circumstances.**

3. Have the parties discussed and reached agreement concerning the production format(s) for ESI?   ☒ Yes   ☐ No

   **EXPLAIN:**
   **Documents are to be produced in Bates stamped, searchable PDF format, unless either party requests and reasonably requires certain electronically stored information in "native" format. The parties will work together cooperatively in attempt to resolve any necessary requests for "native" format files.**

4. Do the parties presently have any unresolved disputes concerning the demand for or production of ESI?   ☐ Yes   ☒ No

   **IF YES, EXPLAIN:**
   Click or tap here to enter text.

E.   **Preservation.**   The parties certify that they have discussed the preservation of discovery likely to be sought or produced, including but not limited to ESI.  In light of that discussion, the parties inform the Court of the following:

1. Has any party identified a preservation issue relating to discovery that may be sought or produced?   ☐ Yes   ☒ No

   **IF YES, EXPLAIN:**
   Click or tap here to enter text.

2. Has counsel of record issued an appropriate litigation hold or other written preservation instruction to the party or parties counsel represents?
   ☒ Yes        ☐ No

4

**IF NO, EXPLAIN:**

F. **Other Issues.**

1. Parties must serve discovery requests sufficiently in advance of the discovery deadline so that the rules allow for a response before the discovery deadline expires. Any motion to compel responses to discovery requests that do not comply with this requirement may be denied.

2. Any motion to compel filed after the discovery deadline may be denied as untimely.

Respectfully submitted by the undersigned counsel on October 19, 2020.

| | |
|---|---|
| /s/ Ian A. Northon<br>Ian A. Northon<br>Florida Bar No. 101544<br>Rhoades McKee PC<br>Main Office: 55 Campau Ave., N.W.<br>Ste. 300<br>Grand Rapids, MI 49503<br>Telephone: (616) 235-3500<br>Local Address: 9128 Strada Place<br>Ste. 10115<br>Naples, FL 34108<br>inorthon@rhoadesmckee.com<br>smd@rhoadesmckee.com<br><br>*Attorney for Plaintiff Jay Hirshberg* | /s/ *Adam B. Marks*<br>ADAM B. MARKS, ESQUIRE<br>Connecticut Bar No. 430300<br>amarks@uks.com<br>UPDIKE, KELLY & SPELLACY, P.C.<br>100 Pearl Street 17th Floor<br>Hartford, CT 06103<br>(860) 548-2663<br><br>*Trial Counsel*<br>*Admitted Pro Hac Vice*<br><br>and<br><br>/s/ *John N. Muratides*<br>JOHN N. MURATIDES, ESQUIRE<br>Florida Bar. No. 332615<br>jmuratides@stearnsweaver.com<br>lwade@stearnsweaver.com<br>STEARNS WEAVER MILLER WEISSLER<br>ALHADEFF & SITTERSON, P.A.<br>401 East Jackson Street, Suite 2100<br>Tampa, Florida 33602<br>Telephone:   (813) 223-4800<br>Facsimile:   (813) 222-5089<br><br>*Attorneys for Defendants Lyman Products Corporation, Rick Ranzinger, and Edward Wytrych* |

5